# New York Marine Court.

## Trial Term—April, 1881.

## MICHAEL SCANLON against JAMES CARROLL, ET AL.

Where the owner of a building contracts with a competent person to construct a sewer, at a stipulated price for the whole work, he is not liable to third persons for any injury resulting from the negligent manner in which the sewer may have been left at night by the workmen employed by the contractor.

McADAM, J.—The defendant Carroll, who is the owner of the premises known as No. 564 Second avenue, in the city of New York, in March, 1880, employed the defendant Lamarche, a licensed plumber, to open the street in front of said premises, for the purpose of connecting his building with the sewer in said avenue. Lamarche contracted to do the work for an agreed price, and was to furnish all the lights and safeguards required during its progress. He applied for and obtained from the Bureau of Sewers in the Department of Public Works authority to open the street, and thereupon commenced his work. The plaintiff, a hackman, while driving his coach upon said avenue, not observing the opening, ran his coach into it, in consequence of which the coach was injured and one of his horses became unmanageable, broke away, and received injuries of a permanent character. The opening was not properly guarded with barriers, lights or proper safeguards to prevent injuries to persons like the plaintiff having occasion to use the highway (see Corporation Ordinance, art. 7, § 76, *City Record*, December 8, 1880). For this breach of duty, constituting negligence, the contractor (Lamarche) is clearly liable, and judgment is awarded against him for the damages sustained, which are assessed at $345.

As to the owner of the property (Carroll) a different

rule applies. Having employed a competent person to construct the sewer, at a stipulated price for the whole work, he is not liable to third persons for any injury resulting from the negligent manner in which the sewer may have been left at night by workmen employed in its construction by the contractor (Blake *v.* Ferris, 5 *N. Y.* 48 ; *Bigelow Lead. Cas. on Torts,* 636 ; Hilliard *v.* Richardson, 3 *Gray,* 316 ; McCaffrey *v.* Spuyten Duyvil, &c. R. R. Co., 61 *N. Y.* 178). As to the owner (Carroll), the complaint must, therefore, be dismissed.

No appeal was taken.